IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**GARY L. SMITH, #52962-019,**

    **Petitioner,**

vs.                                                        **CIVIL NO. 11-cv-676-DRH**

**WENDY ROAL,**

    **Respondent.**

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

    This case is before the Court on petitioner's writ of habeas corpus, filed August 8, 2011. Petitioner, an inmate in the Federal Correctional Institution in Marion, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241, to challenge the actions of prison officials. Petitioner was convicted on April 23, 2003, in the Western District of Missouri, Eastern Division, of violating 18 U.S.C. § 2251 (sexual exploitation of children), and 18 U.S.C. § 2252 (certain activities relating to material involving the sexual exploitation of minors). Petitioner was sentenced on October 21, 2003, to 235 months imprisonment and 5 years supervised release. Petitioner is not seeking to challenge his conviction or sentence in this action.

    Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct

the clerk to notify the petitioner." RULES GOVERNING § 2254 CASES IN THE U.S. DIST. CTS. R. 4 (2010). Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. *Id*. R. 1(b). After carefully reviewing the petition in the present case, the Court concludes that portions of this petition will be dismissed, and petitioner shall be given leave to file an amended petition.

**Facts:**

In the instant case, petitioner challenges the actions of many unnamed correctional officers. On August 4, 2010, petitioner spoke to the prison's food service administrator, complaining that milk was not served at the breakfast meal, and there was no ice available in the beverage dispensers. Petitioner was then taken outside of the dining hall by Lieutenant Bird, who informed petitioner that he was being taken to the Special Housing Unit. While being escorted, petitioner and Bird exchanged words, which caused Bird to believe that it was necessary to handcuff petitioner. While he was being handcuffed, petitioner spun forcefully around, and was then tackled to the ground by Bird. Petitioner was then charged with violations of Code 224(A) and 207: assaulting any person (attempted); and refusing to obey an order. Petitioner does not say anything about his disciplinary hearing, other than the fact that he lost an unspecified amount of good conduct credit which he wants back, that his incident report was not timely delivered, and that the disciplinary committee was made up of improper personnel.

After petitioner was placed in the Special Housing Unit, a search of his property was performed, and images of a pornographic nature as well as a

manuscript were allegedly found amongst his possessions, in violation of Code 305. Petitioner received a hearing, and was found guilty. Petitioner argues that he was not shown the evidence against him during the disciplinary hearing. Petitioner further states that possession of the images, as well as the manuscript, were not in violation of Bureau of Prison policy, and thus should not have been used to punish him.

At some unspecified time, petitioner was placed on a "correctional management plan" without his consent. Should petitioner refuse to participate in this plan, he was told that he would be found in violation of Code 306: refusing to work or accept a program assignment. Though this charge was raised against petitioner, ultimately he was found not guilty. Petitioner argues that his involuntary placement in this plan amounts to forced psychological treatment.

**Discussion:**

At the outset, this Court must independently evaluate the substance of Petitioner's claims to determine if the correct statute – in this case 28 U.S.C. § 2241 – is being invoked. *Bunn v. Conley*, 309 F.3d 1002, 1006-07 (7th Cir. 2002); *Godoski v. United States*, 304 F.3d 761, 763 (7th Cir. 2002) (court must evaluate independently the substance of the claim being brought, to see if correct statute is being utilized). Petitioner's complaints over the excessive force used by Bird, the due process violations concerning his two disciplinary hearings, and his involuntary placement in the corrections management plan are essentially challenges to the conditions of his confinement. *See Wilkins v. Gaddy*, 130 S. Ct. 1175

(2010)(intentional use of excessive force by prison guards against an inmate without penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment); *Wolff v. McDonnell*, 418 U.S. 539, 563-69 (1974) (due process requirements for disciplinary hearings); *Washington v. Harper*, 494 U.S. 210 (1990) (treatment of prisoner with antipsychotic drugs against his will). Claims such as those discussed above, that are raised by petitioner in this action, must be brought in a civil rights action, not a habeas petition. *See Graham v. Broglin*, 922 F.2d 379, 381-82 (7th Cir. 1991) (a habeas petition is the proper route "[i]f the prisoner is seeking what can fairly be described as a quantum change in the level of custody."). Because petitioner is a Federal inmate, that action would be brought pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

The federal habeas corpus statue cannot be used to challenge conditions of confinement; instead, it is used to attack the fact or duration of an inmate's confinement in prison by seeking an immediate or speedier release from custody. *See* 28 U.S.C. § 2241(c)(3); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *see also Glaus v. Anderson*, 408 F.3d 382, 386-87 (7th Cir. 2005); *DeWalt v. Carter*, 224 F.3d 607, 617 (7th Cir. 2000).

While in the past, courts sometimes construed a mistakenly-labeled habeas corpus petition as a civil rights complaint, *see e.g. Graham*, 922 F.2d at 381-82, in more recent cases, the Seventh Circuit has held that district courts should refrain from doing this. *Bunn v. Conley*, 309 F.3d 1002, 1007 (7th Cir. 2002); *Moore v. Pemberton*, 110 F.3d 22, 24 (7th Cir. 1997). It would be particularly inappropriate

to recast petitioner's claims for excessive force, due process violations, and involuntary psychological treatment here, because petitioner would face obstacles under the Prison Litigation Reform Act, Title VIII of Pub. L. No. 104-134, 110 Stat. 1321 (effective April 26, 1996). *See generally* 28 U.S.C. § 1915. Specifically, petitioner would be responsible for paying a much higher fee. Therefore, the Court will not automatically re-characterize the instant habeas petition as a complaint filed pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). Should petitioner wish to further pursue his claims for excessive force, due process violations, and involuntary treatment, he must file a civil rights action.[1] Nothing in this order should be construed as an opinion as to the merits of such a claim or claims.

Petitioner also makes a claim that, pursuant to a guilty finding at one of his disciplinary hearings, he received a reduction in good conduct credit, though he does not specify the amount of lost credit. A claim for restoration of wrongfully revoked good conduct credit is properly brought in a § 2241 suit. *See Waletzki v. Keohane,* 13 F.3d 1079 (7th Cir. 1994). Petitioner argues that he was not guilty (presumably of all the disciplinary charges he lists in his petition), and thus should have his good conduct credit restored. However, as written, petitioner's claim is sparse at best, and

---

[1]Petitioner is advised that should he wish to file any future civil action, he must pre-pay the filing fee, unless he can show that he is in imminent physical danger, because he has already accumulated more than three "strikes" pursuant to 28 U.S.C. § 1915A for filing actions that were dismissed as frivolous, malicious, or that failed to state a claim upon which relief could be granted. *See* 28 U.S.C. § 1915(g); *Smith v. Roe*, No. 03-1291 (N.D. Ga., dismissed for failure to state a claim June 27, 2003); *Smith v. Farley*, No. 03-5401 (N.D. Ill., dismissed for failure to state a claim Aug. 25, 2003); *Smith v. FBI*, No. 03-2825 (N.D. Ga., dismissed for failure to state a claim Oct. 17, 2003); *Smith v. Roe*, No. 04-1620 (N.D. Ga., dismissed for failure to state a claim July 20, 2004).

does not include enough information for this Court to make a determination on his claim.

In a habeas petition, petitioners are required to specify the grounds for relief, and the supporting facts. Rule 2(c), RULES GOVERNING § 2254 CASES IN THE U.S. DISTRICT COURTS. Petitioner has not identified which of the disciplinary hearings resulted in the loss of good conduct credit that he wishes to challenge, or how much was taken. Petitioner does not provide the date of this hearing. Further, because the Court is unaware which of the hearings petitioner takes issue with, it cannot discern why petitioner believes his good conduct credit should be restored. The Court will give petitioner an opportunity to amend his petition to include this information, so that a more informed decision can be made regarding whether a response should be ordered. Petitioner is advised to include ONLY information relevant to this § 2241 claim for restoration of his good conduct credits in his amended petition.

**Disposition:**

Petitioner's claims for excessive force, violations of due process, and involuntary treatment are not properly before the Court in this § 2241 petition. As such, these claims are **DISMISSED** from this action. Dismissal shall be **without prejudice**, so that petitioner may raise them in a civil rights complaint pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), if he so chooses. Petitioner should be mindful that, as the Court earlier pointed out, he has accumulated more than three strikes pursuant to 28 U.S.C. § 1915A, which affects his ability to file such a claim as a pauper.

As to petitioner's claim for restoration of his good conduct credit, the Court **ORDERS** petitioner to file an amended petition on or before November 3, 2011. Petitioner is ordered to include ONLY those facts relevant to his claim for restoration of good conduct credit, including specific dates, times, and dispositions of any relevant hearing. Petitioner is advised that his amended petition will supersede and replace his current petition. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original petition. Thus, the first amended petition must stand on its own, and petitioner must re-file any exhibits he wishes the Court to consider. Should petitioner fail to file his amended petition within the time allotted, this claim will be dismissed for failure to comply with an order of this Court. *See* FED. R. CIV. P. 41(b). Again, petitioner is **ADVISED** to include only information related to his good conduct credit claim. Should petitioner fail to timely file an amended petition, the good conduct credit claim shall be dismissed with prejudice.

Nothing in this order shall be construed as an opinion on the merits of petitioner's claims for relief. The Clerk is **DIRECTED** to send petitioner a blank form to file a Petition Under 28 U.S.C. § 2241 for Writ of Habeas Corpus.

**IT IS SO ORDERED.**

**DATED:** September 29, 2011

Digitally signed by David R. Herndon
Date: 2011.09.29 16:32:50 -05'00'

**Chief Judge**
**United States District Court**