IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**GARY L. SMITH, #52962-019**

    **Petitioner,**

vs.                                                   **CIVIL NO. 11-cv-676-DRH**

**WENDY ROAL,**

    **Respondent.**

# **MEMORANDUM AND ORDER**

**HERNDON, Chief Judge:**

Petitioner, an inmate in the United States Penitentiary in Marion, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241. In this action, he seeks restoration of good conduct credit and expungement of disciplinary tickets.

Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the petition in the present case, the Court concludes that this petition does not survive review under Rule 4, and must be dismissed.

In this case, petitioner was charged on August 4, 2010 with violations of Code 224(a)(assaulting a person), 307(refusing to obey an order), and in a separate

instance on the same date 305(possession of anything not authorized). 28 C.F.R. § 541.3, Table 1 (2011)[1]. Petitioner claims that the disciplinary incident reports for these actions were not received until August 6th and August 8th in violation of Bureau of Prisons (BOP) policy, which in turn amounts to a due process violation. Petitioner further claims that individuals who were not certified were allowed to serve as members of his disciplinary committee, which violated due process.

In *Wolff v. McDonnell*, 418 U.S. 539 (1974), the Supreme Court set out the minimal procedural protections that must be provided to a prisoner in disciplinary proceedings in which the prisoner loses good time, is confined to a disciplinary segregation, or otherwise is subjected to some comparable deprivation of a constitutionally protected liberty interest. *Id*. at 556-572; *see also Hewitt v. Helms*, 459 U.S. 460, 466 n.3 (1983). The Supreme Court held that prison disciplinary hearings satisfy procedural due process requirements where an inmate is provided: (1) written notice of the charge against the prisoner twenty four (24) hours prior to the hearing; (2) the right to appear in person before an impartial body; (3) the right to call witnesses and to present physical/documentary evidence, but only when doing so will not unduly jeopardize the safety of the institution or correctional goals; and (4) a written statement of the reasons for the action taken against the prisoner. *See Wolff v. McDonnell*, 418 U.S. 539, 563-69 (1974); *Cain v. Lane*, 857 F.2d 1139, 1145 (7th Cir. 1988).

Petitioner argues that his due process rights were violated because he did not

---

[1] Information formally located at 28 C.F.R. § 541.13, Table 3 (2010).

receive his disciplinary reports within 24 hours after the incidents occurred. However, as stated above, due process requires that Petition receive written notice 24 hours *prior* to a *disciplinary hearing*, not 24 hours after the incident in question occurred. In this case, petitioner's disciplinary hearing was held on August 13, 2010, 7 days after the first report was received, and 5 days after the second. This time frame falls well within the 24 hour requirement outlined in *Wolff v. McDonnell*, 418 U.S. 539 (1974). Thus, there has been no due process violation in this instance.

Petitioner also claims that his due process rights were violated when M. Sheffer and T. Lamer were allowed to serve as members of his disciplinary committee. Petitioner claims that these individuals were not certified and trained to be members of a disciplinary committee as required by BOP policy. Petitioner does not allege that these individuals were somehow biased or not impartial.

As stated above, due process requires that a disciplinary committee consist of impartial members. *Wolff v. McDonnell*, 418 U.S. 539 (1974). Petitioner has not alleged that M. Sheffer and T. Lamer themselves failed to be impartial, or somehow caused the committee to lack impartiality. Instead, petitioner claims that these members were not qualified as per BOP policy to serve on the committee. Whether or not these individuals were qualified to serve, petitioner has not alleged any lack of impartiality on their parts. Thus, there has been no due process violation.

Petitioner also raises a number of civil rights claims in this amended petition. Specifically, he raises claims for excessive force, involuntary treatment, and seizure of property. Petitioner was informed by this Court in an Order dated September 29,

2011 that these claims were not properly raised in a habeas petition, and that for this reason they would be dismissed without prejudice.  Petitioner was further advised that he could plead these claims in a separate civil rights suit.[2]  Because these claims have already been dismissed from this action, the Court will not address them here.  They remain dismissed from this petition.

In summary, this habeas action does not survive review under Rule 4.  Accordingly, this action is **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

**DATED: November 15, 2011**

Digitally signed by David R. Herndon
Date: 2011.11.15 11:02:47 -06'00'

**Chief Judge**
**United States District Court**

---

[2] Petitioner was further advised that should he wish to file any future civil action, he must pre-pay the filing fee, unless he can show that he is in imminent physical danger, because he has already accumulated more than three "strikes" pursuant to 28 U.S.C. § 1915A for filing actions that were dismissed as frivolous, malicious, or that failed to state a claim upon which relief could be granted.  See 28 U.S.C. § 1915(g); *Smith v. Roe*, No. 03-1291 (N.D. Ga., dismissed for failure to state a claim June 27, 2003); *Smith v. Farley*, No. 03-5401 (N.D. Ill., dismissed for failure to state a claim Aug. 25, 2003); *Smith v. FBI*, No. 03-2825 (N.D. Ga., dismissed for failure to state a claim Oct. 17, 2003); *Smith v. Roe*, No. 04-1620 (N.D. Ga., dismissed for failure to state a claim July 20, 2004).